## George E. Rice, Jr. v. Sara Ann Rice

[443 A.2d 467]

No. 28-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed February 2, 1982

*Robert J. Kurrle* and *Norris Knosher*, Montpelier, for Plaintiff.

*Leighton C. Detora*, Barre, for Defendant.

Per Curiam. In this case, the plaintiff appeals from the property division order of the Washington Superior Court pursuant to a divorce decree. We affirm.

On May 26, 1980, the superior court filed an order concerning the distribution of property between the plaintiff and the defendant. The order incorporated an agreement of the parties and awarded certain portions of the marital estate to each of the parties. It then provided that all other property not named in the order would be divided by the parties according to their agreement, and, if they should fail to agree, the court would settle the dispute. The parties did not agree on a division. The trial court held a hearing on the disputed items on December 10, 1980, and issued its final order dividing the property on December 22, 1980.

The plaintiff challenges two aspects of that order. First, he asserts that the court's valuation of a flatware set and a tea service set was not supported by the evidence. The trial court valued each item at $2,500.00, and awarded the flatware to the defendant and the tea service to the plaintiff. The plaintiff had testified that the tea service was worth $2,500.00, and the flatware was worth $7,980.00. The defendant testified that the tea service was worth $400.00 and the flatware was worth $2,500.00. The plaintiff argues that it was error for the trial court to value both items at $2,500.00, since each party had testified that the flatware was significantly more valuable than the tea service. We disagree. The trial court's division of property will be upheld unless it was not supported by the evidence. Where there is evidence in the case supporting the distribution of the property, there is no abuse of discretion. See, e.g., *Palmer* v. *Palmer*, 138 Vt. 412, 416, 416 A.2d 143, 146 (1980) ; *Colm* v. *Colm*, 137 Vt. 487, 491, 407 A.2d 184, 186 (1979). It was clearly proper for the trial court to accept the plaintiff's testimony on the value of the tea service, and the defendant's on the value of the flatware. Thus, the plaintiff has shown no abuse of discretion in the trial court's valuation of these items.

The plaintiff's second contention is that the trial court failed to abide by its prior order mandating an equal property division. This claim of error is based upon the court's failure

to value the following items which were awarded to the defendant: an opal ring, two bunk beds, two single beds, three dressers, a bike rack, a volleyball set, and a pong television game. However, the plaintiff himself testified that these items, except for the opal ring, would be excluded from the division because they were the children's property. Since the defendant is the custodial parent, it was proper for the trial court to award these items to her without calculating their value in the division. As for the disputed ring, it was purchased by the defendant out of her own funds for $25.00, and was properly excluded from the division as an item of personal property. Thus, the trial court did not abuse its discretion in failing to valuate these items.

*Affirmed.*